IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JACKIE SEARS,<br><br>                Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER<br><br>1:14-cv-00084-EJF<br><br>Magistrate Judge Evelyn J. Furse |

      Ms. Sears seeks review of denial of her claim for disability insurance benefits under Title II of the Social Security Act. She alleges a disability onset date of June 30, 2009. The ALJ found Ms. Sears not disabled at step four because the ALJ found Ms. Sears could perform past relevant work. (Admin. R. 57–71, certified copy tr. of R. of admin. proceedings: Jackie Sears (hereinafter "Tr. __"), ECF No. 26.)

      Based on the Court's careful consideration of the record, the parties' memoranda and oral arguments, and relevant legal authorities, the Court REMANDS the Commissioner's decision to the ALJ for further findings. The Residual Functional Capacity (RFC) analysis lacks any mention of Ms. Sears's non-severe but medically determinable mental impairments of depression and mood disorder. Neither the Court nor the ALJ may rely on step-two findings of mild mental impairments as a substitute for an RFC analysis.

**Procedural History**

      Ms. Sears filed a Title II application for a period of disability and disability insurance benefits on February 24, 2010. (Tr. 187–88.) Ms. Sears claimed disability based on retinal

detachment and defect; hand tremors; hearing loss; obesity; asthma; and depression and anxiety. (Pl.'s Opening Br., 1, ECF No. 18; Tr. 109–10.)  Ms. Sears' claim was denied initially and on reconsideration.  (Tr. 108–34, 138–40.)  On October 26, 2011, the ALJ conducted a hearing, (tr. 72–107), and later issued a decision finding Ms. Sears not disabled as defined by the Act, (tr. 57–71).  The Appeals Council denied Ms. Sears' request for review, (tr. 5–10), making the ALJ's decision the Commissioner's final decision for purposes of judicial review under 42 U.S.C. § 1383(c)(3).  *See* 20 C.F.R. § 416.1481.

On October 6, 2015, the Court heard oral argument from both parties on appeal.  This decision follows.

## STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether the record as a whole contains substantial evidence in support of the Commissioner's factual findings and whether the SSA applied the correct legal standards.  42 U.S.C. § 1383(c)(3); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  In addition to a lack of substantial evidence, the Court may reverse where the Commission uses the wrong legal standards or the Commissioner fails to demonstrate reliance on the correct legal standards.  *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994); *Thomson v. Sullivan*; 987 F.2d 1482, 1487 (10th Cir. 1993); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993).

## ANALYSIS

The ALJ evaluated Ms. Sears' claim through step four, and concluded Ms. Sears did not qualify as disabled.  (Tr. 57–71.)  The ALJ found Ms. Sears has the residual functional capacity (RFC) to perform her past relevant work as an administrative assistant or copy assistant.  (Tr. 70–71.)

A claimant's RFC reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments. *See* 20 C.F.R. §§ 404.1545, 416.945. In determining the claimant's RFC, the decision maker considers all of the claimant's medically determinable impairments, including those considered not "severe." *See* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). The ALJ must conduct the RFC assessment on a function-by-function basis and include both exertional and nonexertional limitations for both severe and nonsevere impairments. SSR 96-8p, 1996 WL 374184, *5 (July 2, 1996).

In support of her claim that this Court should reverse the Commissioner's decision, Ms. Sears argues that the ALJ: (1) failed to consider all of her impairments in the RFC determination; (2) failed to properly identify Ms. Sears' past work, in order to determine if Ms. Sears could, in fact, return to it; and (3) erroneously discounted the testimony of Ms. Sears and third party witnesses. (Pl.'s Opening Br., 9, ECF No. 18.)

### A. The ALJ's Consideration of Impairments in the RFC Determination.

Ms. Sears asserts that the ALJ failed to support her decision with substantial evidence when the ALJ did not consider all of Ms. Sears' impairments in determining her RFC. (Pl.'s Opening Br., 11–12, ECF No. 18.) In particular, Ms. Sears argues that the ALJ failed to consider her depression, eyesight limitations, and tremors properly in the RFC assessment. (*Id.*)

*1. Depression*

Ms. Sears argues that the ALJ erred in failing to consider Ms. Sears's non-severe mental impairments in her RFC, as evidenced by the ALJ finding no mental or non-exertional imitations in the RFC.

During step two, the ALJ found Ms. Sears's depression and mood disorder non-severe impairments because they did not "cause more than minimal limitation in the claimant's ability

to perform basic mental work activities." (Tr. 59.) The ALJ does not analyze Ms. Sears's non-severe depression and mood disorder during step four and does not mention any affect such impairment might have on the RFC or explain why it has no effect. The ALJ erred in failing to analyze Ms. Sears's depression and mood disorder at step four. *See* SSR 96-8p, at *5 ("While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim.").

After a number of unreported decisions came out with conflicting conclusions regarding whether an ALJ's step two analysis of a non-severe mental impairment could substitute for a step four analysis regarding that impairment, the Tenth Circuit issued a reported decision explicitly addressing the matter. *Wells v. Colvin*, 727 F.3d 1061, 1064 n.2 (10th Cir. 2013). The court stated, "most importantly, the ALJ's 'RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence.'"

> In *Wells,*
> 
> after stating his conclusion that Ms. Wells' mental impairments were non-severe, the ALJ stated that "[t]hese findings do not result in further limitations in work-related functions in the [RFC] assessment below." He then reiterated his conclusion that the mental impairments were non-severe. The language used suggests that the ALJ may have relied on his step-two findings to conclude that Ms. Wells had no limitation based on her mental impairments. If so, this was inadequate under the regulations and the Commissioner's procedures.

727 F.3d at 1069 (internal citations omitted). In the instate case, the ALJ does not even go so far as to say the step two findings do not result in further limitations in the RFC. The ALJ simply never mentions the mental impairment again after finding it non-severe.

-4-

In this case, the ALJ found Ms. Sears's mental impairment imposed a mild limitation on her activities of daily living, and concentration, persistence, and pace at step two. (Tr. 60.) By comparison, the ALJ in *Wells* found mild limitations in these two areas as well as in the claimant's social functioning. 727 F.3d at 1068. The analysis that does occur in this case at step two, while certainly thorough, does not address the detailed functions that Ms. Sears can perform. Without a function-based analysis as opposed to a category-based analysis, the Court cannot review the ALJ's Decision for substantial evidence. *See* SSR 96-8p, at *4; *see also Wells,* 727 F.3d at 1065; *Catlin v. Colvin*, No. 12-1474-JWL, 2014 WL 2922403, at *3 (D. Kan. June 27, 2014).

On that basis, the Court remands for further findings with respect to whether Ms. Sears's mental impairments impact the RFC consideration. Because of that finding, the Court will not reach the other issues raise as any additional limitations added to the RFC could impact the remaining findings of the ALJ.

DATED this _6th___ day of October, 2015.

BY THE COURT:

*(signature)*
EVELYN J. FURSE
United States Magistrate Judge